THE PEOPLE OF THE STATE OF NEW YORK ex rel. SARAH L. BURNET, Appellants, v. DANIEL JACKSON, Auditor of Accounts, and JOHN KELLY, Comptroller of the City of New York, Respondents.

*College of the City of New York — is not subject to the control of the city authorities — the auditor or comptroller cannot review claims allowed by the trustees.*

The College of the City of New York, as organized by chapter 264 of 1866, is a body corporate, with the full powers and privileges of a college conferred by the Revised Statutes, and the trustees thereof are endowed with all the powers conferred upon trustees of colleges by such statutes.

The college is in no legal sense a department of the city, but is an independent corporation, not subject to the control, management or visitation of the authorities of the city, except as may be specially provided for and permitted by the legislature.

The disposition of the fund, authorized to be raised by chapter 471 of 1872, is conferred altogether upon the trustees of the college and the board of education of the city of New York, and no supervisory or inquisitorial control over the same is given to the finance department of the city, nor is it subject to the review or control of the auditor or comptroller.

In April, 1879, one Burnet, who had been engaged as a teacher in the public schools for more than twenty years, and as a teacher in the College of the City of New York for the previous eleven or twelve, died leaving a widow. Thereafter the board of trustees of the college, at a meeting duly held, adopted a resolution directing that Burnet's salary be paid from the date of his death to the end of the annual school year, September 1, 1879, to his widow or legal representative. The auditor and comptroller having refused to audit the account

or issue a warrant therefor, on the ground that the claim was a mere gratuity or gift and did not constitute a legal claim upon the public treasury.

*Held,* that a *mandamus* should issue to compel them to audit and pay the claim.

APPEAL from an order made at Special Term, denying an application for a mandamus, requiring the auditor to audit and the comptroller to draw his warrant in favor of the relator for the sum of $844, an amount equal to the salary that the relator's intestate, late teacher in the College of the City of New York, would have received between the day of his death, in April, 1879, and the first day of September, 1879.

*Coudert Brothers,* for the appellants. The College of the City of New York is not a department of the city, and the comptroller has no discretion to exercise over any payments or accounts, other than those of the various departments of the city, as prescribed by sections 29 to 36 of the charter of 1873. (*People ex rel. Kedian* v. *Neilson,* 5 Thompsom & Cook, 367; *New York Bal. Dry Dock Co.,* v. *Mayor, etc.,* 8 Hun, 247; *People ex rel. Dannat* v. *Comptroller,* 77 N. Y., 48; *People ex rel. Little* v. *Kelly and Jackson,* determined in this department August, 1878; *People ex rel. Murphy* v. *Kelly,* 76 N. Y., 490.)

*William C. Whitney,* for the respondents. The application for a mandamus must be denied so far as the comptroller is concerned, since it is conceded that the claim has never been audited by the auditor. (*The People* v. *Brennan,* 18 Abb. Pr., 100.) The trustees of the College of the City of New York had no authority or jurisdiction to audit or allow a claim not legally binding upon the corporation. (1 R. S., 600, § 3 [6th ed., vol. 2, p. 391]; *Hodges* v. *City of Buffalo,* 2 Denio, 110; *Halsted* v. *The Mayor,* 3 Comst., 430, 435; *Haswell* v. *The Mayor,* MS., Ct. of App., June, 1879.) The allowance of the claim by the trustees of the College of the City of New York, being an excess of jurisdiction, was a nullity, and not binding upon the auditor. (*People* v. *Lawrence,* 6 Hill, 244; *People* v. *Stout,* 23 Barb., 349, 354; *People* v. *Hawes,* 21 How. Pr., 117, 125; see also the MS. opinion, not yet reported, of Judge VAN HOESEN, for the General Term of the Court of Common Pleas, in the case of *O'Leary* v. *The Board of Education,* filed April 5, 1880.)

Davis, P. J.:

The facts upon which this application is based are as follows: Edward E. Burnet, late husband of the relator, had been engaged in teaching in the public schools of this State for twenty-four years prior to his decease, and for the last eleven or twelve years as a teacher in the College of the City of New York. As such teacher he was employed at an annual salary of $2,375, payable in equal monthly installments. In the month of April, 1879, and while engaged as such teacher, he died, and his salary up to that date has been paid. On the 24th of June, 1879, the executive committee of the college adopted a resolution by which it was resolved that the salary of Mr. Burnet be paid, from the date of his death until September 1, 1879, to his widow or legal representative; and afterwards the board of trustees of the said college, at a meeting duly held, adopted the same resolution; whereupon an account or voucher was made up in due form by the officers of the board of education and the board of trustees of the college, and sent to the finance department for audit by the auditor, and for the issuing of the proper warrant by the comptroller. Those officers refused to audit the same and to issue a warrant therefor, on the ground that the claim represented by the relator is in effect a claim for a gratuity or gift from the public treasury for an amount equal to the salary of her late husband for the period subsequent to the 1st day of September, 1879, and such claim does not constitute a legal claim upon the public treasury. The court below held that the objection of the auditor and comptroller was well taken, and that the city had a right through them to assert the gratuitous character of the claim as a defense.

It is not disputed that the fund authorized to be raised under chapter 471 of the Laws of 1872, had been raised and paid into the city treasury for the use of the trustees under the direction of the board of education as required by law. There can be no doubt that the College of the City of New York, as organized by chapter 264 of the Laws of 1866, is a body corporate with the full powers and privileges of a college, conferred by the Revised Statutes of this State, and that the trustees of the college are endowed with all the powers conferred upon trustees of colleges by such statutes. It is in no legal sense a department of the city of New York, but is an

independent corporation not subject to the control, management or visitation of the authorities of the city, except as may be specially provided for and permitted by the legislature.

The moneys authorized to be raised for the support of the college became, when so raised and paid into the city treasury, a fund exclusively devoted to such uses and purposes, and the city authorities have no control over the same in any manner to direct or dispose of them. It was held, however (*Dannat* v. *The Mayor*, 66 N. Y., 585), that having been paid into the city treasury they cannot be drawn out except with the forms prescribed by section 34 of the charter of 1873, chapter 335, which provides that no moneys shall be drawn out of the treasury except upon the warrant of the comptroller, and that no warrant shall be signed by the comptroller except upon vouchers examined and allowed by the auditor, and filed in the department of finance. These provisions, however, did not change the character of the fund. The money still remains a " distinct and independent fund," as was said by this court in *The People ex rel. Kedian* v. *Neilson* (5 T. & C., 367), " devoted to the support and maintenance of that institution which cannot be rightfully diverted to any other use." The disposition of that fund is by law conferred altogether upon the trustees of the college and the board of education of the city of New York, and no supervisory or inquisitorial control over the same is given to the finance department of the city. The responsibility for its proper distribution in conformity to law rests altogether upon the trustees of the college and the board of education, who for any abuse of their power or discretion may be prosecuted, or restrained in a proper manner and in a proper forum, but are not subject to be reviewed or controlled by the auditor or comptroller of the city. This question was lately before the court in *The People ex rel. Little* v. *Kelly*. In that case the board of excise had audited and allowed a bill in favor of the relator for 100 copies of a printed list of liquor dealers at the sum of $1,386.17, and proper vouchers therefor were presented to the auditor and comptroller for the payment out of the excise funds in the city treasury. Those officers refused to audit and pay the same on the ground that the expense was unnecessary and the amount excessive. It was held that these questions did not belong to the finance department of the city, because

the fund in the treasury was subject to the exclusive disposition of the board of excise, and in substance that the auditing and allowing of the claim by that board were conclusive upon the auditor and comptroller. That case is in principle decisive of the one before us. A similar principle was determined by the Court of Appeals in *The People ex rel. Murphy* v. *Kelly* (76 N. Y., 490), in which it was held that the comptroller had no power to refuse to take the steps prescribed by the law to raise money for the building of the Brooklyn bridge, on the grounds that in his judgment the bridge was not properly constructed and could not be completed within the sum limited by the legislature.

It is not necessary for us to determine, therefore, whether the trustees of the college and the board of education had power to allow to the widow of the deceased teacher the salary that would have accrued to him for the current year of the school. In their discretion it was thought to be a wise and prudent disposition of the fund, under the peculiar circumstances of the case, in view of his long and faithful services, and the probability that his death had been hastened by his devotion to the duties of his employment. The legislature has seen fit to make them the depositaries of that discretion, and if, in their judgment, the interests of public education would be advanced and encouraged by such an allowance, we have no desire or disposition to condemn or criticise it.

In the view we have taken of the case, the court below should have granted the mandamus.

The order must be reversed and an order entered directing the mandamus to issue.

BRADY and BARRETT, JJ., concurred.

Order reversed.